IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AI-CORE TECHNOLOGIES, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>OMRON CORPORATION,<br><br>         Defendant. | Civil Action No. 2:25-cv-00607<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AI-Core Technologies, LLC ("AI-Core" or "Plaintiff") files this Original Complaint against Omron Corporation ("Omron" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 1 | 7,274,382 | Customizable background sizes and controls for changing background size | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7274382 |
| 2 | 7,928,994 | Graphics items that extend outside a background perimeter | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7928994 |

2. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address at 17350 State Hwy 249, Suite 220, Houston, Texas 77064 (Harris

County).

4. Defendant is a corporation formed under the laws of Japan with its principal place of business at Shiokoji Horikawa, Shimogyoku, Kyoto 600-8530 Japan.

## JURISDICTION AND VENUE

5. AI-Core repeats and re-alleges the allegations in the paragraphs above as though fully set forth in their entirety.

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. Defendant is subject to this Court's specific and general personal jurisdiction under due process because of Defendant's substantial business in this judicial District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

8. Defendant intends to do and does business in and has committed acts of infringement in this District, in this State of Texas, and in the United States, directly, through intermediaries and agents, and has offered to send and sent its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

9. Defendant directly imports the Accused Products into the United States with the intent and knowledge that the Accused Products be provided to companies in this District and in the State of Texas.

10. Defendant has purposefully directed infringing activities at residents of the State of

Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products into this District.

11. Defendant has placed infringing products into the stream of commerce *via* an established distribution channel with the knowledge or understanding that such products are being sold in this Judicial District and the State of Texas.

12. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and Judicial District, including its infringing activities alleged herein, from which Defendant has derived substantial revenue from goods sold to Texas residents and consumers.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re: HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in TC Heartland does not alter" the alien-venue rule).

## THE ACCUSED PRODUCTS

14. AI-Core repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

15. On information and belief, Defendant makes, uses, sells, offers for sale, imports, provides, supplies, and/or distributes the following products and services that infringe one or more claims of the Asserted Patents: Omron WebLink and other substantially similar products and services offered in the past or the future and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the

"Accused Products").

16. Defendant provides the Accused Products to United States customers at least via download through its website: https://automation.omron.com/en/us/forms/weblink-2-0-software-download-request-form.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,274,382

17. AI-Core repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

18. The USPTO duly issued U.S. Patent No. 7,274,382 (the "'382 patent") on September 25, 2007, after full and fair examination of Application No. 10/891,733 which was filed on July 15, 2004. *See* '382 patent at 1.

19. AI-Core owns all substantial rights, interest, and title in and to the '382 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

20. The claims of the '382 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of backgrounds used with graphics-based user interfaces.

21. The written description of the '382 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22. Defendant has directly infringed one or more claims of the '382 patent by providing, supplying, using, causing to be used, distributing, importing, selling, offering for sale, and/or

internal and external testing the Accused Products.

23. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '382 patent.

24. AI-Core or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '382 patent.

25. AI-Core has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to AI-Core in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,928,994

26. AI-Core repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

27. The USPTO duly issued U.S. Patent No. 7,928,994 (the "'994 patent") on April 19, 2011, after full and fair examination of Application No. 11/768,820 which was filed on June 26, 2007. *See* '994 patent at 1.

28. AI-Core owns all substantial rights, interest, and title in and to the '298 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

29. The claims of the '994 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of backgrounds used with graphics-based user interfaces.

30. The written description of the '994 patent describes in technical detail each limitation

of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31. Defendant has directly infringed and continues to directly infringe one or more claims of the '994 patent by providing, supplying, using, causing to be used, distributing, importing, selling, offering for sale, and/or internal and external testing the Accused Products.

32. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '994 patent.

33. Defendant has indirectly infringed and continues to indirectly infringe the '994 patent by inducing others to directly infringe the '994 patent. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '994 patent by providing or requiring use of the Accused Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '994 patent, including, for example, claim 1. Such steps by Defendant have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or instructional and technical support on its website. Defendant has been performing these steps, which constitute induced infringement with the knowledge of the '994 patent and with the knowledge that the induced acts constitute infringement. Defendant has been

aware that the normal and customary use of the Accused Products by others would infringe the '994 patent. Defendant's inducement is ongoing.

34. Defendant has indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '994 patent. Defendant has contributed and continues to contribute to the direct infringement of the '994 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '994 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '994 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

35. Defendant had knowledge of the '994 patent at least as of the date when it was notified of the filing of this action.

36. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of AI-Core's patent rights.

37. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

38. Defendant's infringement of the '994 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of AI-Core's rights under the patent.

39. AI-Core or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '944 patent.

40. AI-Core has been damaged as a result of the infringing conduct by Defendant alleged

above.  Thus, Defendant is liable to AI-Core in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41.  AI-Core has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  AI-Core has and will continue to suffer this harm by virtue of Defendant's infringement of the '944 patent.  Defendant's actions have interfered with and will interfere with AI-Core's ability to license technology.  The balance of hardships favors AI-Core's ability to commercialize its own ideas and technology.  The public interest in allowing AI-Core to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

42.  AI-Core hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

43.  AI-Core requests that the Court find in its favor and against Defendant, and that the Court grant AI-Core the following relief:

   a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '994 patent or, in the alternative, an award of a reasonable ongoing royalty for future infringement of that patent by such entity;

c. Judgment that Defendant account for and pay to AI-Core all damages to and costs incurred by AI-Core because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements of the '994 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award AI-Core its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 6, 2025

Respectfully submitted,

By: /s/ C. Matthew Rozier

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

Jonathan Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (737) 295-0876
Email: hardt@rhmtrial.com

*Attorneys for Plaintiff AI-CORE TECHNOLOGIES, LLC*

*admitted to E.D. Texas